**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

UNITED STATES OF AMERICA )
)
v. ) Criminal Case No. 2:03cr152 (RCY)
)
UTHER LEE GARDNER, III, )
)
Petitioner. )

**MEMORANDUM OPINION**

Uther Lee Gardner, III, a federal inmate, proceeding by counsel, filed this motion under 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 23) to vacate, set aside, or correct his conviction as to Count Two. The matter is ripe for disposition.

In his § 2255 Motion, Gardner demands relief upon the following grounds:

Claim One The conviction and sentence as to Count Two, 18 U.S.C. § 924(c): "must be vacated in light of the Supreme Court's recent decision in *Johnson v. United States*." (§ 2255 Mot. 1.[1]) "Gardner's § 924(c) conviction (1) violates due process, (2) violates the laws of the United States and results in a fundamental miscarriage of justice, and (3) was entered in excess of this Court's jurisdiction." (*Id*. at 2.)

As discussed below, Gardner's claim lacks merit and will be dismissed.

## I. Procedural History

A four-count indictment was returned on September 24, 2003 (ECF No. 1). The indictment charged as follows:

Count One
On or about July 7, 2003, at Norfolk, Virginia, in the Eastern District of Virginia, the defendant, UTHER LEE GARDNER, III, did knowingly and intentionally rob, steal, and purloin United States mail matter, money, and other property of the United States from another having lawful charge, custody, and control of said

[1] The Court employs the pagination assigned by the CM/ECF docketing system to the parties' submissions.

> United States mail matter, money, and other property of the United States, and in doing so the defendant put the life of another in jeopardy by the use of a dangerous weapon, that is a handgun.
> (In violation of Title 18, United States Code, Section 2114).
>
> Count Two
>
> On or about July 7, 2003, at Norfolk, Virginia, in the Eastern District of Virginia, the defendant, UTHER LEE GARDNER, III, did knowingly and unlawfully possess, use and carry a firearm, that is, a handgun, in furtherance of, and during and in relation to, a crime of violence for which he may be prosecuted in a court of the United States, as set forth in Count One.
> (In violation of Title 18, United States Code, Section 924(c)(1)(A)(ii)).
>
> Count Three
>
> On or about August 8, 2003, at Norfolk, Virginia, in the Eastern District of Virginia, the defendant, UTHER LEE GARDNER, III, did knowingly and intentionally rob, steal, and purloin United States mail matter, money, and other property of the United States from another having lawful charge, custody, and control of said United States mail matter, money, and other property of the United States, and in doing so the defendant put the life of another in jeopardy by the use of a dangerous weapon, that is a handgun.
> (In violation of Title 18, United States Code, Section 2114).
>
> Count Four
>
> On or about August 8, 2003, at Norfolk, Virginia, in the Eastern District of Virginia, the defendant, UTHER LEE GARDNER, III, did knowingly and unlawfully possess, use and carry a firearm, that is, a handgun, in furtherance of, and during and in relation to, a crime of violence for which he may be prosecuted in a court of the United States, as set forth in Count Three.
> (In violation of Title 18, United States Code, Section 924(c)(1)(A)(ii)).

(Indictment, ECF No. 1.)

On April 6, 2004, Garner pled guilty to Counts One and Two. (Plea Agreement, ECF No. 15.) There was no written Statement of Facts, but counsel for the United States set forth the factual basis of the plea on the record. (Transcript, ECF No. 39.) On July 15, 2004, Gardner was sentenced to 46 months on Count One and 84 months on Count Two, to be served consecutively as required by the Count Two statute of conviction. The Judgment in a Criminal Case was entered on July 20, 2004. (ECF No. 20.)

This § 2255 Motion was filed on June 27, 2016. (ECF No. 23.) On July 13, 2016, the United States filed a motion to dismiss the § 2255 Motion on timeliness grounds. (ECF No. 24.) Gardner filed a response to the motion to dismiss (ECF No. 25), and the United States filed a reply (ECF No. 26). The Court, by Order issued on July 26, 2017, reserved ruling at that time and permitted Gardner and the United States to submit additional briefing on the issue of timeliness. (ECF No. 27.) Gardner filed a response on August 25, 2017, and a notice of supplemental authority on May 4, 2018. (ECF Nos. 28, 29.) On November 21, 2018, the Court denied the motion to dismiss, found the § 2255 Motion to be timely, and directed the United States to file a response addressing the merits of the § 2255 Motion. (ECF No. 30.) The United States filed a response and a corrected response on January 3 and 4, 2019 respectively. (ECF Nos. 33, 34.) On January 7, 2019, a joint motion to hold in abeyance was filed (ECF No. 35), and, on January 14, 2019, the Court granted the joint motion and held in abeyance the § 2255 Motion pending the decision in *United States v. Davis*. (ECF No. 36.) On December 6, 2019, Gardner, by counsel, filed a notice pursuant to the Court's January 14, 2019 Order. (ECF No. 37.) On October 8, 2021, this matter was reassigned to the undersigned.

**II. Factual Basis for Plea**

At the plea hearing, the following exchange took place with regard to the factual basis for the plea:

> THE COURT: All right, Mr. Dalton. I'll ask you to temporarily have a seat with your client while Ms.Tayman summarizes the evidence that the Government would be prepared to present if the case went to trial on a not guilty plea.
>
> MR. DALTON: Yes, sir.
>
> MS. TAYMAN: Your honor, if the matter proceeded to trial, the United States would have proven beyond a reasonable doubt that on July the 7th of 2003, at approximately 11:00 a.m., this defendant, Uther Lee Gardner, III, entered the Berkley Station Post Office, which is located at 711 East Liberty Street in Norfolk,

Virginia, which is within the Eastern District of Virginia.

After entering the post office, the defendant approached the counter clerk with his, the defendant's shirt pulled up over his face. At that time he brandished a small black handgun. The defendant pointed the gun at the counter clerk, who is Ms. Versie Bly, B-l-y, and he demanded money. Ms. Bly immediately supplied and turned over a handful of currency.

As the defendant was departing, the defendant pointed his firearm at another postal employee who observed him taking funds. The loss to the United States Postal Service was determined to be approximately $2,938.

On August the 8th of 2003, approximately10:00 a.m., the defendant returned to the same postal facility to commit another armed robbery. While standing in theline, the defendant conversed with other postal customers.

When he got up to the counter, again it was the same counter clerk, Ms. Versie Bly. He pointed a black semi-automatic handgun at her and demanded money. The clerk immediately complied and turned over the entire contents of the cash door [sic]. The defendant then took the money out of the till and fled on foot. Outside the post office he entered the vehicle. On that occasion the loss to the postal service was $478.58.

On August the 12th of 2003, postal inspectors arrested the defendant at his cousin's apartment in Newport News. He was transported to the Norfolk Police Department offices. At those offices, he was advised of his Miranda rights, and in writing he waived his Miranda rights. The defendant then provided a written confession to his robberies at the Berkley postal station on July the 7th and on August the 8th of 2003.

He admitted to taking approximately $1,500 to $2,000 in cash during the first robbery and an unspecified amount of money in money orders from the second robbery. He also admitted to using a black semi-automatic handgun during each of the robberies. The money taken was, in fact, property belonging to the United States, and Ms. Versie Bly was the lawful custodian of the property.

THE COURT: All right, Mr. Dalton. If you and your client would return to the podium.

MR. DALTON: Yes, sir.

THE COURT: All right, Mr. Gardner. You heard the evidence recited by the attorney for the United States. If this case were tried in court, do you believe that the United States could present the evidence that she's recited to the Court?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Mr. Dalton, based on your conferences with your client and your investigation and discovery, do you believe that the United States could present that evidence?

> MR. DALTON: I do, Your Honor.
>
> THE COURT: With that being the case, the Court finds that there is an independent basis in fact for each element of the two offenses with which the defendant is charged. The Court further finds that the defendant has entered pleas of guilty to the two charges freely and voluntarily and with a full understanding of his constitutional right. Further, the Court finds that the defendant has entered pleas of guilty to these two charges because he believes himself to be guilty of these two charges. Based on those findings, the Court finds the defendant guilty of the offenses charged in counts one and two of the indictment.

(Transcript of Plea Hearing, at 18-21, ECF No. 39).

## III. Analysis

In *Johnson v. United States*, 576 U.S. 591 (2015), the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process." *Id.* at 606.[2] The *Johnson* Court concluded that the way the Residual Clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), defined "violent felony" was unconstitutionally vague because the clause encompassed "conduct that presents a serious potential risk of physical injury to another," which defied clear definition. *Id.* at 596–97 (citation omitted). Subsequently, in *Welch v. United States*, 578 U.S. 120 (2016), the Supreme Court held that "*Johnson* announced a substantive rule [of law] that has retroactive effect in cases on collateral review." *Id.* at 135.

---

[2] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). Under the Residual Clause, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" *Johnson*, 576 U.S. 593 (quoting 18 U.S.C. § 924(e)(2)(B)).

Title 18 U.S.C. section 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence. The baseline additional period of imprisonment is five years. 18 U.S.C. § 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of imprisonment increases to at least seven years. *Id.* § 924(c)(1)(A)(ii). And, if the defendant discharges the firearm, the additional period of imprisonment increases to at least ten years. *Id.* § 924(c)(1)(A)(iii).

Until recently, the United States could demonstrate that an underlying offense constitutes a crime of violence if it establishes that the offense is a felony and satisfies one of two requirements. Namely, the statute defines a crime of violence as any felony:

> **(A)** [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "Force Clause")], or
> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "Residual Clause")].

*Id.* § 924(c)(3). The Supreme Court recently invalidated the Residual Clause, or § 924(c)(3)(B), in *United States v. Davis*, 139 S. Ct. 2319, 2339 (2019). However, Gardner's underlying predicate offense for the § 924(c) count was robbing United States mail matter, money, and other property from a postal employee and placing that employee's life in jeopardy by use of a dangerous weapon, in violation of 18 U.S.C. § 2114(a).[3] The Fourth Circuit has explicitly held that a "§ 2114(a) conviction constitutes a 'crime of violence' under § 924(c)'s force clause." *See United States v. Bryant*, 949 F.3d 168, 172 (4th Cir. 2020). Therefore, Gardner's contention that *Johnson* invalidated his conviction and sentence for Count Two lacks merit and will be dismissed.[4]

---

[3] Although the Indictment only indicates that the charge was pursuant to 18 U.S.C. § 2114, the charge was clearly pursuant to 18 U.S.C. § 2114(a) based on a review of the statute, the language in the Indictment, and the recitation of facts supporting the plea.

[4] Although Gardner suggests that his claim has three parts, Court review of his § 2255 Motion finds that all three challenge his § 924(c) conviction based on *Johnson* and lack merit.

## IV. Conclusion

Gardner's claim will be DISMISSED. The § 2255 Motion (ECF No. 23) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.[5]

An appropriate Final Order will issue.

/s/

Roderick C. Young
United States District Judge

Richmond, Virginia
Date: January 7, 2022

[5] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Gardner has not satisfied this standard.